UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Melissa R. Trow, | ) **Civil Case No.:** |
| Plaintiff, | ) |
| | ) **COMPLAINT** |
| vs. | ) |
| American Accounts & Advisers, Inc. | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

## COMPLAINT AND JURY DEMAND

1. Plaintiff Melissa R. Trow alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C § 1692k. Venue in this Judicial District is proper under 28 U.S.C. § 1391(b)(2) because Plaintiff Melissa R. Trow resides in this Judicial District and Defendant American Accounts & Advisers, Inc. is located and transacts business in this Judicial District.

## PARTIES

3. Plaintiff Melissa R. Trow (hereinafter "Plaintiff") is a natural person, and citizen of the State of Minnesota, residing in Hennepin County, Minnesota.

4. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and/or a person affected by a violation of the FDCPA.

5.      Defendant American Accounts & Advisers, Inc. (hereinafter "Defendant") is a Minnesota corporation with its principal place of business and its registered office located at 7460 80th Street South, Cottage Grove, Minnesota, 55016.

6.      Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

7.      Defendant regularly collects or attempts to collect debts for other parties.

8.      Defendant is a "debt collector" as defined in the FDCPA.

9.      Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10.     On or around 2014, Plaintiff received massage and/or physical therapy services from Life Clinic, P.A., a division or subsidiary of Life Time Fitness, Inc. Thereafter, Plaintiff allegedly owed an outstanding balance to Life Clinic, P.A.

11.     The outstanding balance is a debt arising from transactions incurred for personal, family or household purposes.

12.     On or around September 2015, the debt was transferred to Defendant for the purposes of collection.

13.     On September 24, 2015 at 8:28 a.m., Defendant communicated with Plaintiff in an attempt to the collect the alleged debt from Plaintiff by placing a telephone call to Plaintiff's cellular telephone.  This telephone call displayed "651-287-6120" on the caller ID for Plaintiff's cellular telephone.

14.     On September 24, 2015, Defendant left the following message on Plaintiff's cellular telephone: "*Hi [inaudible] Brandon Morrissette, a debt collector from American Accounts at 651-287-6120. Thanks.*"

15.     The September 24, 2015 voicemail on Plaintiff's cellular telephone was Defendant's initial communication with Plaintiff.

16.     The September 24, 2015 voicemail failed to inform Plaintiff that the purpose of the communication was to collect a debt and that any information would be used for those purposes.

17.     Defendant's full name as it appears on its collection agency license states "American Accounts & Advisers Inc."  The September 24, 2015 voicemail failed to state the full name of Defendant as it appears on Defendant's license.

18.     Under Minn. Stat. § 332.37(16), "No collection agency or collector shall: *** (16) when attempting to collect a debt, fail to provide the debtor with the full name of the collection agency as it appears on its license." *See* Minn. Stat. § 332.37(16).

19.     "The FDCPA prohibits, *inter alia*, the use of debt collection practices that violate state law.*" Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001); *see also Carlson v. First Revenue Assurance*, 359 F.3d 1015, 1018 (8th Cir. 2004)(debt collection practices that violate state law while using any false, deceptive, or misleading means violates the FDCPA).

20.     After the September 24, 2015 voicemail, Defendant further attempted to the collect the alleged debt from Plaintiff by sending Plaintiff a collection letter through the

United States Postal Service.  The collection letter was dated September 24, 2015 and was post-marked September 25, 2015.

21.     The collection letter states the following: "*For your convenience, you may pay online at www.amaccts.com.*" (emphasis added).  Defendant charges consumers a 1.9% processing fee in order to pay by credit card online.  Defendant's website states the following: "*Credit Card – ***1.9% Processing Fee Added to Total.*" (emphasis added).

22.     The collection of a processing fee and/or convenience fee is not expressly authorized by the agreement creating the alleged debt.  The original creditor, Life Clinic P.A., does not charge its customers a processing fee and/or convenience fee regardless of the method of payment.

23.      Minnesota state law does not affirmatively permit debt collectors to charge consumers a processing fee and/or convenience fee.

24.     Processing fees and/or convenience fees such as the ones charged by Defendant in this case violate the FDCPA.  *See Tuttle v. Equifax Check,* 190 F.3d 9 (2d Cir. 1999); *Quinteros vs. MBI Associates*, 999 F.Supp.2d 434 (E.D.N.Y. 2014); *McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham*, 2012 WL 266893 (M.D. Tenn. 2012); *Campbell v. MBI Associates, Inc.* __ F. Supp. 3d __, 2015 WL 1543215 (E.D.N.Y. 2015); *Longo v. Law Offices of Gerald E. Moore & Associates, P.C.*, No. 04-5759 (N.D. Ill. Feb. 3, 2005); *Acosta v. Credit Bureau of Napa County, C.A.,* No. 14-CV-8798 (N.D. Ill. Apr. 29, 2015).

25. The September 24, 2015 voicemail and the collection letters are "communications" as defined by 15 U.S.C. § 1692a(2).

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### FALSE OR MISLEADING REPRESENTATIONS

26. Plaintiff restates and re-alleges the preceding allegations of this complaint.

27. Defendant used false, deceptive and/or misleading means in connection with the collection of the alleged debt by:

    a. Falsely representing the character, amount and/or legal status of the alleged debt;

    b. Falsely representing that compensation may be lawfully received by Defendant for the collection of the alleged debt;

    c. Threatening to take action that cannot legally be taken or that Defendant did not intend to take;

    d. Falsely representing the full legal name of Defendant as it is listed on its license; and

    e. Failing to disclose in its initial communication with Plaintiff that Defendant was attempting to collect a debt and that the information would be used for those purposes.

28. Defendant's conduct violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10) and 1692e(11).

29. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages under 15 U.S.C. § 1692k(a)(1), statutory damages of up to $1,000.00 under 15 U.S.C. § 1692k(a)(2), and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## UNFAIR AND UNCONSIONABLE MEANS

30. Plaintiff restates and re-alleges the preceding allegations of this complaint.

31. Defendant used unfair or unconscionable means to collect or attempt to collect the alleged debt by collecting and/or attempting to collect an amount that was not expressly authorized by the agreement creating the debt and that was not permitted by law.

32. Defendant's conduct violated 15 U.S.C. §§ 1692f and 1692f(1).

33. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages under 15 U.S.C. § 1692k(a)(1), statutory damages of up to $1,000.00 under 15 U.S.C. § 1692k(a)(2), and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## VALIDATION OF DEBTS

34. Plaintiff restates and re-alleges the preceding allegations of this complaint.

35. Defendant's collection activities and/or communications overshadowed and were inconsistent with Plaintiff's right to dispute the debt and/or to seek validation of the debt.

36. Defendant's conduct violated 15 U.S.C. § 1692g(b).

37. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages under 15 U.S.C. § 1692k(a)(1), statutory damages of up to $1,000.00

under 15 U.S.C. § 1692k(a)(2), and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## JURY DEMAND

38. Plaintiff demands trial by jury.

**WHEREFORE**, Plaintiff Melissa R. Trow demands a trial by jury and prays for judgment against Defendant American Accounts & Advisers, Inc., as follows:

1. Awarding judgment against Defendant American Accounts & Advisers, Inc. in an amount to be determined at trial;

2. Awarding Plaintiff any costs, litigation expenses, disbursements, and allowable attorneys' fees; and

3. Awarding Plaintiff such other and further relief as the Court deems proper, just and equitable.

**TARSHISH CODY, PLC**

Dated: December 30, 2015    By:  s/ Adam R. Strauss
Adam R. Strauss (#0390942)
ars@attorneysinmn.com
Scott M. Cody (#0392137)
scody@attorneysinmn.com
6337 Penn Avenue South
Minneapolis, Minnesota 55423
Telephone: (952) 361-5556
Facsimile: (952) 361-5559
**ATTORNEYS FOR PLAINTIFF**